UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARTIN JOHNSON,

    Plaintiff,

 - against -

CITY OF NEW YORK DEPARTMENT OF
PARKS AND RECREATION,

    Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
09-CV-3980 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On September 16, 2009, plaintiff *pro se* Martin Johnson brought this action against the City of New York Department of Parks and Recreation ("Parks Department") and two individual employees of the Parks Department, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, 42 U.S.C. § 1983, the New York State Human Rights Law, N.Y. Exec. Law §§ 296 *et seq.* ("NYSHRL"), and the N.Y.C. Admin. Code § 80-107 *et seq*. ("NYCHRL"). (*See* Doc. No. 1.) On March 11, 2011, this Court dismissed all but one of plaintiff's claims. Now before the Court is defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Doc. No. 57.) For the reasons stated below, the motion is GRANTED.

## BACKGROUND

Plaintiff is an individual of West Indian descent who was born on the island of Grenada and was employed by the Parks Department as a painter "assigned to the borough of Manhattan shops." (Compl. (Doc. No. 1) ¶¶ 4, 17.) Plaintiff began working for the Parks Department as a civil service painter in or around September 2000. (*Id.* ¶ 8.) In September 2008, Plaintiff applied for the position of Supervisor of Painters but was not selected for promotion. (*Id.* ¶ 18.)

Believing defendant's failure to promote him was due to discrimination, plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 1, 2008. After conducting an investigation, the EEOC issued plaintiff a Dismissal and Notice of Rights letter on August 17, 2009. Plaintiff then commenced this action.

On April 5, 2010, defendant filed a motion to dismiss the Complaint for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). By an Order dated March 11, 2011, this Court dismissed plaintiff's claims against the individual defendants as well as all claims against the Parks Department save plaintiff's claim for a failure to promote in violation of §§ 1981 and 1983, Title VII, the NYSHRL, and the NYCHRL. (Doc. No. 23.) Defendant now seeks summary judgment as to plaintiff's sole remaining claim.

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material facts exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the evidence of the nonmovant "is to be believed" and the court must draw all "justifiable" or reasonable inferences in favor of the non-moving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)); *Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004).

Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must

come forward with specific facts showing there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted, emphasis in original). The non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247-48).

Finally, the Court is mindful of its obligation to "construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citations omitted). Essentially, the Court holds *pro se* pleadings to a less exacting standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008). Since *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads *pro se* pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York,* 956 F.Supp. 257, 259 (E.D.N.Y. 1995).

## DISCUSSION

Plaintiff claims that in September 2008, defendant failed to promote him to Supervisor of Painters even though plaintiff was qualified and sought the promotion. (Complt. ¶¶ 18, 19.) Instead, plaintiff alleges defendant selected "a much inferior Caucasian candidate and the last white candidate on the established civil service Supervisor of Painters list to be promoted." (*Id.*

¶ 18.) Under Title VII, a claim for a discriminatory failure to promote is evaluated using the familiar burden-shifting structure established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] On summary judgment, the plaintiff bears the initial burden of "proving by the preponderance of the evidence a *prima facie* case of discrimination." *Texas Dep't. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252–53 (1981); *McDonnell Douglas,* 411 U.S. at 802. Next, the defendant must "clearly set forth, through the introduction of admissible evidence, [ ] reasons" for the challenged employment decision that are "legally sufficient to justify a judgment for the defendant." *Burdine,* 450 U.S. at 255; *see also St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506-07 (1993). After the defendant has supplied a nondiscriminatory explanation, the plaintiff must show that the defendant's proffered reason is pretextual either by discrediting it directly or through the introduction of additional evidence. *Burdine,* 450 U.S. at 256; *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 38 (2d Cir. 1994).

**A.** ***Prima Facie*** **Case**

In order to establish a *prima facie* case, plaintiff must show that he (1) is a member of a protected class; (2) was qualified for the position in question; (3) was denied the position; and (4) that the denial occurred under circumstances giving rise to an inference of discrimination. *See Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003); *Milford v. New York City Bd. of Health*, No. 02-CV-2834 (SJF) (LB), 2005 WL 195561, at *3 (E.D.N.Y. Jan. 27, 2005), *aff'd sub nom. Milford v. City of New York, Bd. of Health*, 158 F. App'x 354 (2d Cir. 2005). To prevent summary judgment where a promotion was awarded based on a comparison of applicants'

---

[1] New York applies a similar analysis to claims under the NYSHRL and the NYCHRL. *See Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000). Since "[m]ost of the core substantive standards that apply to claims of discriminatory conduct in violation of Title VII are also applicable to claims of discrimination in employment in violation of § 1981 or the Equal Protection Clause," *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (citations omitted), the Court applies the same reasoning to all of plaintiff's claims.

4

qualifications, a plaintiff must show that his credentials were "so superior to the credentials of the person selected for the job that 'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93 (2d Cir. 2001) (quoting *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280-81 (5th Cir. 1999)).

### B. Plaintiff's Failure to Promote Claim

Assuming without deciding that plaintiff has established a *prima facie* case, the Court is nevertheless compelled to grant defendant's motion for summary judgment. "To prevail on a denial-of-promotion claim, the plaintiff must, *inter alia,* prove by a preponderance of the evidence that the failure to promote was actually motivated in whole or in part by unlawful discrimination." *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 694 (2d Cir. 1998). As such, "[i]n all cases, for the plaintiff to avoid an adverse judgment, there must be proof that the plaintiff was rejected under circumstances which give rise to an inference of unlawful discrimination." *Aulicino v. New York City Dept. of Homeless Services,* 580 F.3d 73, 80 (2d Cir. 2009) (internal quotation marks omitted). Because plaintiff has failed to adduce any evidence plausibly giving rise to such an inference, there is no genuine issue for trial and defendants are entitled to judgment as a matter of law.[2]

In this case, defendant has adequately countered plaintiff's *prima facie* case by offering sufficient nondiscriminatory justifications. First, plaintiff was formally interviewed and

---

[2] After 2005, "claims brought under the NYCHRL must be evaluated independently from counterpart claims brought under Title VII and NYSHRL." *Ballard v. Children's Aid Soc'y*, 781 F. Supp. 2d 198, 210 (S.D.N.Y. 2011). However, "[a]lthough claims under the NYCHRL are 'more liberally construed than claims under Title VII and the NY[S]HRL, the NYCHRL does not alter the kind, quality or nature of evidence that is necessary to support or defeat a motion for summary judgment under Rule 56.'" *Id.* at 211 (S.D.N.Y. 2011) (quoting *Deshpande v. Medisys Health Network, Inc.*, No. 07-CV-375, 2010 WL 1539745, at *22 (E.D.N.Y. Apr. 16, 2010) (internal citations and quotation marks omitted)). Thus, plaintiff's failure to provide evidence supporting an inference of discrimination is also fatal to any claims under the NYCHRL.

5

evaluated on a numerical scale in the same manner as four other candidates. Second, plaintiff was not ranked as one of the top three candidates designated for consideration. (Def.'s Aff. in Supp. of Mot., Ex. I (Doc. No. 60-9) at Bates Stamp No. 0165.) Third, there was no evidence of discrimination in the deliberations or rankings of the panel that produced the top three candidates. Fourth, defendant has offered evidence that plaintiff's lower score was due to poor attendance and lackluster performance during his interviews. (*Id.*, Ex. N (Doc. No. 60-14) at 126-27.) "[A]n unsuccessful performance at a job interview, wherein the applicant fails to convince the prospective employer that he or she is capable of handling the responsibilities of the job, is a legitimate, non-discriminatory reason which adequately rebuts a Title VII plaintiff's prima facie case." *Wechsler v. R D Management Corp.*, 861 F. Supp. 1153, 1160 (E.D.N.Y. 1994). Finally, the candidate ultimately chosen for the promotion was ranked among the top three candidates. (Def.'s Aff. in Supp. of Mot., Ex. I (Doc. No. 60-9) at Bates Stamp No. 0156.) Taken together, these justifications meet defendant's burden to produce a "legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802; *cf. Davis v. State Univ. of New York*, 802 F.2d 638, 641 (2d Cir. 1986).

Plaintiff, in turn, has failed to show that these reasons are pretextual. As an initial matter, plaintiff has offered no evidence of bias affecting any decisionmaker. *Compare Bickerstaff v. Vassar College*, 196 F.3d 435, 450 (2d Cir. 1999) (recognizing that the "impermissible bias of a single individual at any stage of the promoting process may taint the ultimate employment decision in violation of Title VII . . . so long as the individual shown to have the impermissible bias played a meaningful role in the promotion process" (internal citation omitted)); *Gilmore v. Lancer Ins. Co.*, No. 08-CV-0628 (JFB) (WDW), 2010 WL 87587, at *10-11 (E.D.N.Y. Jan. 7, 2010) (granting summary judgment where a "plaintiff cite[d] to no comments by any decision-

makers that would provide a basis to infer discriminatory intent"); *McCowan v. HSBC Bank USA, N.A.*, 689 F. Supp. 2d 390, 410-11 (E.D.N.Y. 2010) (holding that a rational jury could find wrongful termination where there was "evidence in the record" that discriminatory "criticisms and evaluations of plaintiff were considered by the actual decisionmaker"). At best, plaintiff vaguely alleges discrimination and wrongdoing by David Terhune, the Director of Personnel, and James Cafaro, a member of the panel that interviewed candidates for the promotion. (*See* Compl. ¶¶ 18-20; Pl.'s Mem. in Opp. of Mot. (Doc. No. 62-1) at 3-6.)

Although Terhune, as the Director of Personnel, helped to select the panel members and monitor the interviews, he did not actually score the candidates. The evidence shows that the final three candidates for the promotion were chosen by a three-member interview panel, the members of which were chosen by "the Personnel Division in conjunction with the Deputy Commissioner, Selecting Official, General Counsel or other Official in which the vacancy exists." (Def.'s Aff. in Supp. of Mot., Ex. C (Doc. No. 60-3) ¶ 14.) Thus, the scoring, ranking, and selection of candidates was performed by Cafaro, the Deputy Chief of Operations at 5 Borough Technical Services; Joseph Bello, the Parks and Recreation Manager at 5 Borough Technical Services; and Felix Perez, the Parks and Recreation Manager in Maintenance and Operations. (*Id.* ¶ 18; Ex. H (Doc. No. 60-8) at Bates Stamp No. 000334-000337; Ex. J (Doc. No. 60-10).) The composition of the panel and the predetermined set of interview questions were approved by the Parks Department's Equal Employment Opportunity Officer. (*Id.*, Ex. I (Doc. No. 60-9) at Bates Stamp No. 0155.) Moreover, the ultimate awarding of the promotion was left to Artie Rollins, the Chief of Technical Services, who made the final choice from among the three ranked finalists. (*Id.*, Ex. C (Doc. No. 60-3) ¶ 20; Ex. H (Doc. No. 60-8) at Bates Stamp No. 000337.)

7

Plaintiff has offered no evidence of bias on the part of any individual involved in the selection process, nor has he offered any evidence that Terhune or Cafaro communicated an improper desire that plaintiff not receive the promotion.[3] Each candidate's scores were based on that candidate's application materials and responses to interview questions. (*Id.*, Ex. C (Doc. No. 60-3) ¶ 18.) Although plaintiff insists that Terhune or Cafaro altered the education point values awarded to the candidates, defendant's uncontroverted evidence establishes that the decision to alter the educational point rubric was made by the panel itself.[4] (*See Id.*, Ex. F (Doc. No. 60-6) at 169-79; Ex. M (Doc. No. 60-13).) The agreed upon point value corresponding to plaintiff's educational level was properly noted by the panel.[5] (*See id.*, Ex. O (Doc. No. 60-15) at Bates Stamp No. 0195-0197.) Based on the evidence in the record, no reasonable jury could conclude that Terhune or Cafaro improperly influenced the selection process.[6]

More importantly, there is simply no evidence that the failure to choose plaintiff was racially motivated. An "employer need not prove that the person promoted had superior objective qualifications, or that it made the wisest choice, but only that the reasons for the

---

[3] As the Court observed in its Order dated March 11, 2011, even plaintiff's complaint is devoid of factual allegations that would "'allow[] the court to draw the reasonable inference that [defendants Terhune and Cafaro are] liable for' violations of §§ 1983 and 1981, the NYSHRL, and the NYCHRL" because it "include[d] no specific facts regarding their role in any alleged wrongdoing." (Doc No. 23 at 7-8 (internal citations omitted).)

[4] Plaintiff has failed to show that Terhune did anything more than "instruct[] the panel that they were to confer and agree upon whether to adjust the sample scale used to evaluate the educational background of each applicant depending on the job description and the qualifications required for this particular position." (Def.'s Aff. in Supp. of Mot., Ex. C (Doc. No. 60-3) ¶¶ 16-17.) Plaintiff has also failed to controvert defendant's evidence that the panel was permitted to consider the number of college credits – as opposed to the actual degree – attained by a candidate. (*See id.*, Ex. F (Doc. No. 60-6) at 182-83.) Even if this was improper, as plaintiff maintains, there is absolutely no evidence that the aberration was motivated by race.

[5] Plaintiff repeatedly emphasizes that his educational background was more extensive than that of the other candidates. The posting for the position of Supervisor Painter, however, did not place great emphasis on educational background. (Def.'s Aff. in Supp. of Mot., Ex. G (Doc. No. 60-7).). Nor does plaintiff attempt to explain why a Masters Degree in Political Science, International Relations, rendered him more qualified to be a Supervisor Painter. (*See id.*, Ex. O (Doc. No. 60-15) at Bates Stamp No. 0191.)

[6] As a member of the panel, of course, Cafaro was in a position to influence the ranking of the candidates. However, plaintiff's allegations as to Cafaro's conduct relate entirely to Cafaro's unflattering scoring of plaintiff and fail to establish any discriminatory motive.

decision were nondiscriminatory." *Davis*, 802 F.2d at 641. Moreover, an employer may place selective emphasis on certain factors. "Where an employer's explanation, offered in clear and specific terms, 'is reasonably attributable to an honest even though partially subjective evaluation of . . . qualifications, no inference of discrimination can be drawn.'" *Byrnie*, 243 F.3d at 104 (quoting *Lieberman v. Gant,* 630 F.2d 60, 67 (2d Cir. 1980)). While plaintiff contends that allegedly skewed demographics in the Parks Department suffice as evidence of discrimination (Pl.'s R. 56.1 Stmt. (Doc. No. 62) ¶¶ 19, 24), those allegations are not supported by any evidence in the record. Moreover, "[a]llegations which contend only that there is a bottom line racial imbalance in the work force are insufficient."[7] *Brown*, 163 F.3d at 712 (citing *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 653 (1989)). Even if plaintiff had offered admissible evidence to show that Terhune or Cafaro acted to prevent plaintiff's promotion, there is no basis on which a reasonable jury could conclude such opposition was attributable to race.[8]

"[A] plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment." *Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir. 1997). Viewing the admissible evidence in the light most favorable to plaintiff, and given plaintiff's *pro se* status, viewing his submissions to raise the strongest arguments possible, the Court concludes that summary judgment must be granted. As the Court of Appeals has recognized, "[t]o allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of

---

[7] Even had plaintiff offered evidence of a discriminatory "pattern-or-practice," that "method of proof is not available to nonclass, private plaintiffs." *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 150 (2d Cir. 2012). Plaintiff has also failed to provide any evidence of a disparate impact on members of a protected class. *See Brown*, 163 F.3d at 712 (citing *Griggs v. Duke Power Co.*, 401 U.S. 424, 430-32 (1971)).

[8] Although a plaintiff may invoke prior acts as background evidence in support of a claim, *see McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 86 (2d Cir. 2010), a plaintiff may not succeed on summary judgment "merely [by] asserting that on several occasions she or he generally requested promotion." *Brown*, 163 F.3d at 710. Inferring discrimination solely from plaintiff's allegations concerning past attempts to seek promotions would undermine the requirement that a "plaintiff employee allege[] a particular adverse employment action, an instance of alleged discrimination, by the employer" buttressed by evidentiary support. *Id.*

discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985). Because plaintiff has "provided no indication that any evidence exists that would permit the trier of fact to draw a reasonable inference of pretext," no genuine issue exists for trial and defendant is entitled to judgment as a matter of law.[9] *Id.*

## CONCLUSION

For the forgoing reasons, defendant's motion for summary judgment (Doc. No. 57) is GRANTED. The Clerk of Court shall enter judgment accordingly, mail a copy of this Memorandum and Order to plaintiff *pro se*, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
       March 8, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[9] Because the Court finds no evidence of a constitutional violation, it has no occasion to address defendant's liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *Cf. Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).